IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

CATHERINE TAYLOR,

     Plaintiff,

vs.

MURPHY OIL USA, INC. a/k/a
MUPRHY USA, INC. d/b/a
MURPHY EXPRESS,

     Defendant.

CIVIL ACTION FILE NO.
7:20-CV-00252-HL

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED BRIEF IN SUPPORT

### Motion

Defendant, by and through their undersigned counsel of record, and pursuant to Fed. R. Civ. P. 56, hereby respectfully requests that the Court grant it summary judgment as to all of Plaintiff's claims. As a premises liability suit, Plaintiff is required to prove that Defendant breached a duty owed to her and that said breach was the cause of her alleged injuries. Plaintiff cannot do that in this case and, thus, summary judgment is appropriate.

## Brief

### 1. Summary of argument

The facts of this case are quite simple, and none are in dispute. This case arises from an incident on January 13, 2020 when Plaintiff Taylor fell while walking in through the front door of Defendant's convenience store in Valdosta, Georgia. The evidence shows that Plaintiff fell because she moved slowly across the threshold of Defendant's front door and the door "caught" or closed over the heel of Plaintiff's flip-flop shoe. However, the evidence also shows that numerous other customers entered and exited through Defendant's front door shortly before and shortly after Plaintiff, and no other customers were injured, hurt or had any issues with Defendant's door or threshold. In short, this is a case of no negligence as Defendant's premises was neither defective nor hazardous. Accordingly, summary judgment should be entered for Defendant.

2. **Relevant Facts**

Plaintiff visited Defendant's gas station and convenience store on January 13, 2020.[1] Plaintiff pulled her car to a gas pump and then started to walk inside to pay for the fuel and purchase a snack for her granddaughter.[2] Plaintiff's granddaughter walked ahead of Plaintiff and entered the front door of Defendant's convenience store first.[3] As described by Plaintiff, "as I approached the store, I opened the door. And when I opened the door, the door caught my flip-flop on the back. And that is when I fell."[4]

The entire incident, both before and after Plaintiff fall, is captured on video (and available for the Court's viewing).[5][6] At 5:56:10pm, Plaintiff's

---

[1] Deposition of Catherine Taylor ("Taylor Dep.") taken October 19, 2021 at 20:11-20, attached herewith as Exhibit B.

[2] Taylor Dep. at 21:6-11; 22:5-16.

[3] Taylor Dep. at 35:3-9.

[4] Taylor Dep. at 22:17-25.

[5] Taylor Dep. at 20:13-14; 33:16-35:23; Exhibit 1 to Plaintiff Taylor's Deposition.

[6] Additionally, Defense counsel is working to provide a DVD or flash-drive with the video file to the Court's deputy and which Defendant will refer to as Exhibit A to this Motion and Brief. In the meantime, Exhibit A (Exhibit 1 to Plaintiff Taylor's deposition) can be viewed here:  Link to Video on Google Drive

granddaughter entered the store through the front doors.[7] Plaintiff followed

slowly behind her granddaughter, Plaintiff's flip-flop became stuck in the

door and Plaintiff fell forward.[8] Specifically, Plaintiff testified:

> **Q.** Okay. Do you see here, Ms. Taylor, your right foot
> on the metal threshold of that doorframe?
> **A.** Yes.
> **Q.** Okay. All right. I'm going to press play now. All
> right. Let me pause it. At 05:56:15, that door has
> closed behind you at this point in time. Right, Ms.
> Taylor?
> **A.** Yes.
> **Q.** Okay. And it looks like, in doing that, that is when
> your flip-flop got caught under the door there in the
> threshold. Is that right?
> **A.** That is correct.[9]

Nonetheless, Plaintiff agrees that many other customers entered and

exited through the same front door of Defendant's store shortly before and

after Plaintiff's arrival and none of them fell, none of them had their shoe

caught by the door, and none of them had any problems with Defendant's

---

[7] Exhibit A at timestamp 05:56:10pm (11:50 in the 16:00 minute clip); Taylor Dep. at 35:3:9.

[8] Exhibit A at timestamp 05:56:19pm (11:59 in the 16:00 minute clip); Taylor Dep. at 35:10:20; 35:24-36:4.

[9] Taylor Dep. at 41:2-14.

door.[10] As **just one example**, Plaintiff was asked and testified on the following:

> **Q.** Okay. All right. I'm going to push us ahead just a little bit closer to you. And for the record, I'm now at 05:53:42 p.m. I'm going to push play now. All right. I stopped it at 05:53:51, and we just saw two men enter the store through that same door. Right, Ms. Taylor?
> **A.** Yes.
> **Q.** Okay. And neither of them had any issues with that door, it appears. Do you agree with that?
> **A.** Yes.[11]

Furthermore, the very next person to utilize the door through which Plaintiff stepped and fell, immediately after Plaintiff's fall, exited the doorway with no difficulty or issues.[12]  Indeed, multiple customers continued to exit and enter Defendant's door in the several minutes after Plaintiff's fall without issue.[13]

---

[10] Taylor Dep. at 37:14-21; 37:22-38:14; 39:7-13. *See also* Exhibit A at timestamp 05:46:05pm (7:51 in the 16:00 minute clip); 05:46:20pm (8:05 in the 16:00 minute clip); and 05:53:42pm (10:34 in the 16:00 minute clip).

[11] Taylor Dep. at 39:3-13.

[12] Exhibit A at timestamp 05:57:28pm (12:52 in the 16:00 minute clip).

[13] Exhibit A at timestamp 05:58:05pm (13:14 in the 16:00 minute clip); Exhibit A at timestamp 06:01:11pm (13:35 in the 16:00 minute clip); Exhibit A at timestamp 06:03:45pm (13:51 in the 16:00 minute clip).

And while initially unclear from Plaintiff's discovery responses whether Defendant's front door was the only alleged hazard she encountered (Plaintiff stated in discovery responses that a floor mat may have caused or contributed to her fall), Plaintiff testified unequivocally that in her opinion only the door caused her fall:

> **Q.** Do you have an understanding, Ms. Taylor -- or do you know what caused you to fall that day?
> **A.** The door.
> **Q.** Anything else?
> **A.** No.[14]
>
> \*      \*      \*      \*
>
> **Q.** Before coming in to the store that day, Ms. Taylor, did you slip on anything before you came into the store?
> **A.** No.[15]
>
> \*      \*      \*      \*
>
> **Q.** And when you were walking up to the store or coming in the front door, did you trip on or stumble on that mat?
> **A.** Not to my knowledge.[16]

---

[14] Taylor Dep. at 23:1-6.

[15] Taylor Dep. at 31:16-19.

[16] Taylor Dep. at 32:1-4.

Finally, prior to this incident, Plaintiff never made any complaints to Defendant or its employees about any tripping hazards at the store.[17] Plaintiff similarly has no evidence of anyone else making such complaints, and no evidence of anyone else who suffered a trip and fall at Defendant's store.[18]

The objective video evidence in this case, combined with Plaintiff's testimony, clearly demonstrate there was no hazard on Defendant's premises. Even assuming there was a hazard, Plaintiff has no evidence to demonstrate Defendant had superior knowledge of any alleged hazard on its premises at the time of Plaintiff's fall.

**3.** **Argument and Citation of Authority**

**I.** **Summary Judgment Standard**

Summary judgment is appropriate when "the movant shows that there is no *genuine* dispute as to any material fact and the movant is entitled to judgment as a matter of law."[19]  A defendant satisfies that burden merely by

---

[17] Taylor Dep. at 33:2-5.

[18] Taylor Dep. at 33:6-15.

[19] FED. R. CIV. P. 56(a) (emphasis added).

pointing out an absence of evidence to support *any* essential element of the plaintiff's case.[20]  To survive a motion for summary judgment, the nonmoving party "must come forward with specific evidence of every essential element of her case with respect to which she has the burden of proof."[21]  The Court must "view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party,"[22]  but **the plaintiff "must do more than simply show that there is some metaphysical doubt** as to the material facts."[23]  When faced with a "properly supported motion for summary judgment, [the nonmovant] must come forward with specific factual evidence, presenting more than mere allegations."[24]

---

[20] *Jack v. Glaxo Wellcome, Inc.*, 239 F. Supp. 2d 1308, 1320 (N.D. Ga. 2002), *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[21] *Morgan v. U.S. Xpress, Inc.*, No. 4:03-cv-88, 2006 U.S. Dist. LEXIS 36195, at *4 (M.D. Ga. June 2, 2006) *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[22] *Stewart v. Happy Herman's Cheshire Bridge*, 117 F.3d 1278, 1285 (11th Cir. 1997).

[23] *Scott v. Harris*, 550 U.S. 372, 380 (2007), *quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (emphasis added).  *See also Smith v. St. Joseph's/Candler Health Sys.*, 770 Fed. Appx. 523, 526 (11th Cir. 2019) (holding "mere 'scintilla' of evidence supporting the opposing party's position will not suffice").

[24] *Mosley v. MeriStar Mgmt. Co.*, 137 Fed. Appx. 248, 250 (11th Cir. 2005).

II.   **Defendant Murphy is entitled to summary judgment because Plaintiff has not shown that a hazard existed, that Murphy was negligent, or that Murphy had superior knowledge of an alleged hazard.**

Plaintiff's claims against Defendant sound in negligence and premises liability.  "To state a cause of action for negligence in Georgia, a plaintiff must show: (1) a legal duty; (2) a breach of that duty; (3) a legally attributable causal connection between the conduct and the resulting injury; and (4) an injury."[25]  Pursuant to O.C.G.A. § 51-3-1, Defendant may only be liable to Plaintiff for "injuries caused by [its] failure to exercise ordinary care in keeping the premises and approaches safe."[26]

Furthermore, "To prevail on a "trip and fall" claim, the plaintiff must prove that (1) the premises owner had actual or constructive knowledge of the hazard; and (2) the plaintiff lacked knowledge of the hazard, despite her exercise of ordinary care, due to actions or conditions within the owner's control."[27] Georgia courts have distinguished between the nature of various

---

[25] *Paul v. Aramark Healthcare Support Servs.*, 2016 U.S. Dist. LEXIS 186113, at *20 (N.D. Ga. June 2, 2016) *citing Dawkins v. Doe*, 263 Ga. App. 737, 738, 589 S.E.2d 303 (2003).

[26] O.C.G.A. § 51-3-1.

[27] *McLemore v. Genuine Parts Co.*, 313 Ga. App. 641, 643, 722 S.E.2d 366, 368 (2012).

hazards on properties. In this case, the only potential hazard Plaintiff allegedly encountered was the front door at Defendant's store -- such an alleged "hazard" has been deemed to be a static defect in Georgia's courts.[28] "A static condition is one that does not change and is dangerous only if someone fails to see it and walks into it. If nothing obstructs the invitee's ability to see the static condition, the proprietor may safely assume that the invitee will see it and will realize any associated risks."[29]

As with all premises liability cases, the "fundamental basis for an owner or occupier's liability is that party's superior knowledge of the hazard encountered by the plaintiff."[30] "The plaintiff's first burden in a premises liability case is to show the premises were defective or hazardous."[31] In the

---

[28] *See e.g.*, *Gervin v. The Retail Prop. Tr.*, 354 Ga. App. 11, 14, 840 S.E.2d 101, 104 (2020) citing *Owens v. Dekalb Med. Ctr.*, 253 Ga. App. 19, 23, 557 S.E.2d 404, 408 (2001)(a revolving glass door is a static condition as opposed to a periodically recurring dangerous condition.)

[29] *LeCroy v. Bragg*, 319 Ga. App. 884, 886, 739 S.E.2d 1, 3 (2013).

[30] *Cherokee Main St., LLC v. Ragan*, 345 Ga. App. 405, 407, 813 S.E.2d 397, 399 (2018).

[31] *Cohen v. Target Corp.*, 256 Ga. App. 91, 92 (567 SE2d 733) (2002); see also *Aubain-Gray v. Hobby Lobby Stores*, 323 Ga. App. 672, 674 (1) (747 SE2d 684) (2013) ("the plaintiff's threshold burden" is to demonstrate a defect or hazard)

absence of "evidence of the existence of a condition that would subject an invitee to an unreasonable risk of injury," the plaintiff cannot recover.[32] "Proof of a fall, without more, does not create liability on the part of a proprietor or landowner."[33]

In this case, the objective video evidence in this case, combined with Plaintiff's testimony, clearly demonstrate there was no hazard on Defendant's premises. As Plaintiff testified, several customers entered and exited Defendant's store through the same front doors Plaintiff utilized, both before and after her fall, and none encountered any hazard or difficulty with the doors. And, even assuming the front doors presented a hazard to customers using the doors, Plaintiff has shown no evidence of Defendant's **superior** knowledge that the doors were defective or hazardous. Instead, the evidence in this case shows that Plaintiff walked very slowly over the

_____

[32] *Bartenfeld v. Chick-fil-A, Inc.*, 346 Ga. App. 759, 766, 815 S.E.2d 273, 279-80 (2018) *citing Garrett v. Hanes*, 273 Ga. App. 894, 895 (616 SE2d 202) (2005) (landowner was entitled to summary judgment because there was no evidence that step over which plaintiff tripped was hazardous).

[33] *Flagstar Enters., Inc. v. Burch*, 267 Ga. App. 856, 856-57, 600 S.E.2d 834, 835 (2004).

threshold of Defendant's front doors and the closed as it normally does. Unfortunately, Plaintiff was still standing in the threshold and the door "caught" the plaintiff's flip-flop shoe and Plaintiff fell. This is not evidence of negligence and this does not establish the door was a hazard. It is axiomatic that "in everyday life, persons are required to negotiate the floors, steps and doorways of buildings."[34]

As described above and throughout, the evidence shows that Plaintiff fell because she moved very slowly across the threshold of Defendant's front door and the door "caught" or closed over the heel of Plaintiff's flip-flop shoe. However, the evidence also shows that numerous other customers entered and exited through Defendant's front door shortly before and shortly after Plaintiff, and no other customers were injured, hurt or had any

---

[34] *Dickman v. S. City Mgmt.*, 229 Ga. App. 289, 290, 494 S.E.2d 64, 65 (1997). *See also D'Elia v. Phillips Edison & Co.*, 354 Ga. App. 696, 699, 839 S.E.2d 721, 724 (2020)(holding the ultimate issue is whether [defendant] was negligent in maintaining a hazardous condition on the property, and in everyday life, persons are required to negotiate floors, steps, and doorways. Even if the [transition in the walkway] was hazardous as [plaintiff] assert[s], the condition was open and obvious, and thus, in the exercise of ordinary care, [she] could have avoided it. There is no duty to warn of the obvious.)

issues with Defendant's door or threshold. There is no evidence of Defendant's negligence and no evidence of Defendant's superior knowledge of an alleged hazard.

Finally, Plaintiff has presented no evidence of any code or industry standard with which Defendant's door did not comply. And, Plaintiff has no evidence that the time with which it took Defendant's self-close doors to swing shut failed to meet any relevant standard.

And while the courts have held that "'routine' issues of premises liability, i.e., the negligence of the defendant and the plaintiff, and the plaintiff's lack of ordinary care for personal safety are generally not susceptible of summary adjudication … ," this is one of those cases in which the evidence is plain and palpable that Defendant is not liable.[35] Based on all of the foregoing, Plaintiff cannot establish that Defendant breached any duty owed to her, that the doors presented a hazard, or that Defendant had superior knowledge of an alleged hazard and Plaintiff's claims fail as a matter of law. Accordingly, summary judgment is appropriate in this case.

---

[35] *LeCroy v. Bragg*, 319 Ga. App. 884, 887, 739 S.E.2d 1, 4 (2013) *citing Robinson v. Kroger Co.*, 268 Ga. 735, 748 (493 SE2d 403) (1997).

Respectfully submitted this 23rd day of December 2021.

**HAWKINS PARNELL & YOUNG** LLP

303 Peachtree Street, N.E.
Suite 4000
Atlanta, GA 30308-3243
(404) 614-7400
(404) 614-7500 (facsimile)
eream@hpylaw.com

/ s / *Elliott C. Ream*

Elliott C. Ream
Georgia Bar No. 528281
*Counsel for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

CATHERINE TAYLOR,

     Plaintiff,

vs.

                               **CIVIL ACTION FILE NO.**
                               **7:20-CV-00252**

MURPHY OIL USA, INC. a/k/a
MUPRHY USA, INC. d/b/a
MURPHY EXPRESS,

     Defendant.

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED BRIEF IN SUPPORT** via electronic mail and through the Court's electronic filing system to the following attorneys of record:

Jody D. Peterman, Esq.
Dillon P. Hanson, Esq.
Jody D. Peterman, LLC
P.O. Box 6010
Valdosta, GA  31603-6010
petermanlawoffice@yahoo.com
dhanson.petermanlaw@gmail.com
*Counsel for Plaintiff*

This 23rd day of December 2021.

**HAWKINS PARNELL & YOUNG** LLP

303 Peachtree Street, N.E.
Suite 4000
Atlanta, GA 30308-3243
(404) 614-7400
(404) 614-7500 (facsimile)
eream@hpylaw.com

/ s / *Elliott C. Ream*
_____

Elliott C. Ream
Georgia Bar No. 528281
*Counsel for Defendant*

16