**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

**CATHERINE TAYLOR,**

      Plaintiff,

v.                                                             Civil Action No. 7:20-CV-252 (HL)

**MURPHY OIL USA, INC., a/k/a
MURPHY USA, INC., d/b/a MURPHY
EXPRESS,**

      Defendant.

**ORDER**

Plaintiff Catherine Taylor was a patron at Defendant's gas station and convenience store on January 13, 2020, when she fell and injured herself. Before the Court is Defendant's Motion for Summary Judgment. (Doc. 12). Defendant argues it is entitled to summary judgment because Plaintiff has not met her burden of establishing Defendant breached its duty of care to her as an invitee of Defendant's store. After reviewing the pleadings, briefs, affidavits, and other evidentiary materials presented, and after conducting a hearing,[1] the Court determines there is no genuine dispute of the material facts and finds that Defendant is entitled to judgment as a matter of law.

---

[1] The Court **GRANTS** Plaintiff's Motion for Hearing. (Doc. 16).

## I.    FACTUAL BACKGROUND

On January 13, 2020, Plaintiff Catherine Taylor and her nine-year old granddaughter traveled to Defendant's Murphy Express gas station on Inner Perimeter Road in Valdosta, Georgia. (Pl. Dep., p. 20-21). Ms. Taylor is a resident of Valdosta. (Id. at p. 7). She testified that prior to the date in question she had gone to this particular gas station on five or six occasions. (Id. at p. 21).

After pumping gas, Ms. Taylor and her granddaughter walked toward the store to pay for the gas and to purchase a snack. (Id. at p. 21-22; Def. Ex. A, 11:38-45). Ms. Taylor's granddaughter approached the store and reached for the door handle. (Def. Ex. A., 11:44-47). The little girl opened the door and started into the store. (Id. at 11:47-50). Ms. Taylor followed shortly behind her. (Id.). The door closed behind the child, and Ms. Taylor reached for the handle. (Id. at 11:50-51). Ms. Taylor then swung the door open and proceeded across the threshold. (Id. at 11:52-54). As the door returned to a closed position, the heal of Ms. Taylor's flip-flop sandal caught under the door. (Id. at 11:54-55). Ms. Tylor lost her balance and fell to the floor. (Id. at 11:55-58). Ms. Taylor struggled to right herself while her granddaughter opened the door and retrieved the shoe. (Id. at 11:58-12:17). The granddaughter then helped place the flip-flop back on Ms. Taylor's foot. (Id. at 12:17-12:27).

Ms. Taylor testified that her right knee and her right hand hit the ground. Pl. Dep., p. 23-24). After she got up, Ms. Taylor went to the cashier to report the

fall and asked to speak with a manager. (Id. at p. 24). The cashier completed an incident report and said she would forward the report to the manager. (Id. at p. 24-25). In the report, Ms. Taylor stated she thought her fall related to a thin, "frailed up" rug at the entrance to the store. (Id. at p. 26). However, during her deposition, Ms. Taylor expressed uncertainty about the role of the rug and instead surmised that the door caused the fall because the door "was rose up too high, and it got caught on [her] flip-flop." (Id. at p. 28-29). The video shows no other customers entering or exiting Defendant's store immediately before or after Ms. Taylor's fall experiencing any noticeable issues with the door. (Def. Ex. A.).

Ms. Taylor and her granddaughter left the store and returned home. (Pl. Dep., p. 44). Three days later, on January 16, 2020, Ms. Taylor went to the emergency room at South Georgia Medical Center, where her right knee and right wrist were x-rayed. (Id. at p. 45-46). Ms. Taylor was discharged several hours later with Tylenol, Prednisone, a lidocaine patch, and instructions to ice and elevate her knee. (Id. at p. 51). On February 3, 2020, Ms. Taylor sought treatment from a chiropractor at Care Medical Center. (Id.). She attended ten appointments in February and March 2020. (Id. at p. 52). She returned to the chiropractor in November and December 2020. (Id.). As of the date of Ms. Taylor's deposition on October 19, 2021, she was continuing treatment with the chiropractor for pain in her right knee. (Id. at p. 53, 56).

## II.   SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and … the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue of material fact arises only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of a material fact." Celotex, 477 U.S. at 323 (internal quotation marks omitted). If the movant meets this burden, the burden shifts to the party opposing summary judgment to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact, or that the movant is not entitled to judgment as a matter of law. Id. at 324-26. This evidence must consist of more than conclusory allegations. See Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991). Summary judgment shall be entered "against a party who fails to make a showing sufficient

to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322.

"At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." <u>Scott v. Harris</u>, 550 U.S. 372, 380 (2007). When reliable video evidence is available, the court should view the facts in the light depicted by the video recording. <u>Id.</u> at 381; <u>see also</u> <u>Penley v. Eslinger</u>, 605 F.3d 843, 848 (11th Cir. 2010) (inferences for the nonmoving party may be drawn only "to the extent supportable by the record").

## III.   DISCUSSION

Defendant argues it is entitled to judgment as a matter of law because both the video evidence and Plaintiff's testimony indisputably demonstrate there was no hazard about which Defendant had either actual or constructive knowledge. The fact that Plaintiff fell is not enough to establish liability, nor is Plaintiff's unsupported belief that there was a defect in Defendant's door simply because her shoe became caught.

Under Georgia law, "[a]n owner or occupier of land has a legal duty . . . to exercise ordinary care to keep and maintain its premises and the approaches in a condition that does not pose an unreasonable risk of foreseeable harm to the invited public." <u>American Multi-Cinema, Inc. v. Brown</u>, 285 Ga. 442 (2009); O.C.G.A. § 51-3-1. But a property owner "is not an insurer of the safety of its

invitees," and the "mere occurrence of an injury does not create a presumption of negligence." Kennestone Hosp. v. Harris, 285 Ga. App. 393, 393-94 (2007) (citation and punctuation omitted). "Proof of an injury, without more, is not enough to establish a proprietor's liability." Ford v. Bank of America Corp., 277 Ga. App. 708, 709 (2006) (citing Sams v. Wal-Mart Stores, 228 Ga. App. 314, 316 (1997)). Accordingly, "[t]he plaintiff's first burden in a premises liability case is to show the premises were defective or hazardous." Cohen v. Target Corp., 256 Ga. App. 91, 92 (2002) (quotation marks and citation omitted).

In order to recover in a slip and fall action, the injured party "must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." Robinson v. Kroger Co., 268 Ga. 735, 748-49 (1997). "Without evidence of the existence of a dangerous condition, there can be no evidence that the defendant had any knowledge of the danger" and, therefore, the plaintiff cannot recover. Metts v. Wal-Mart Stores, 269 Ga. App. 366, 367 (2004); see also Weldon v. Del Taco Corp., 194 Ga. App. 174 (1990).

A plaintiff's "mere speculation about causation is not enough to prevent summary judgment." Richardson v. Mapoles, 339 Ga. App. 870, 872 (2016). "Where the plaintiff does not know of a cause or cannot prove the cause, there can be no recovery because an essential element of negligence cannot be

proven." <u>Pennington v. WJL, LLC</u>, 263 Ga. App. 758, 760 (2003). "A mere possibility of causation is not enough." <u>Id.</u>

Plaintiff here has not presented evidence of a specific hazard about which Defendant had actual or constructive knowledge. Plaintiff speculates that her flip-flop caught under the door leading into Defendant's store because the door "was rose up too high." (Pl. Dep., p. 28-29). Plaintiff conceded during oral argument, however, that there must be some space between the bottom of the door and the ground to allow the door to open and close properly. Plaintiff also admitted that she did not know the measurement of the gap between the door and the ground, nor is she aware of any industry standard for door clearance. Furthermore, it is apparent from the video that the door was otherwise operating properly. Numerous patrons passed through the door without difficulty before and after Plaintiff's fall.

The fact that Plaintiff's flip-flop became caught under the door coupled with her belief that there was too large a gap beneath the door is not enough to establish that the door was defective and presented a hazardous condition. Where the question of whether an allegedly hazardous condition caused the plaintiff's injuries "remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to grant summary judgment for the defendant." <u>Hayes v. SNS Partnership, LP</u>, 326 Ga. App. 185, 188 (2014) (quoting <u>Hardnett v. Silvey</u>, 285 Ga. App. 424, 426

(2007)) (quotation marks omitted). The evidence is undisputed that Plaintiff's flip-flop caught beneath the door causing her to fall. Whether the gap beneath the door created a dangerous condition which Defendant had a duty to address remains a question of pure conjecture based on the evidence presented. Defendant accordingly is entitled to summary judgment.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment. (Doc. 12). This case is hereby dismissed with prejudice.

**SO ORDERED** this 9th day of August, 2022.

_**s/ Hugh Lawson**_
**HUGH LAWSON, SENIOR JUDGE**

8